HEATHER E. WILLIAMS, #122664
Federal Defender
BENJAMIN D. GALLOWAY, #214897
Chief Assistant Federal Defender
MATTHEW C. BOCKMON, # 161566
Assistant Federal Defender
Designated Counsel for Service
801 "I" Street, 3rd Floor
Sacramento, CA 95814

Attorney for Defendant
DAVID ALHAQQ

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | NO. 2:17-CR-00236 MCE |
|---|---|
| Plaintiff, | MOTION FOR DETERMINATION OF MENTAL COMPETENCY and ORDER REGARDING COMPETENCY EVALUATION |
| v. | |
| DAVID ALHAQQ, | |
| Defendant. | JUDGE: Hon. Morrison C. England, Jr. |

Defense counsel hereby moves the Court to order a hearing to determine the mental competency of defendant to stand trial. This motion rests on 18 U.S.C. § 4241, and on the record of prior proceedings.

Subdivision (a) of section 4241 provides that "[t]he court shall grant the motion . . . if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Subdivision (b) authorizes the court to "order that a psychiatric or psychological examination of the defendant be conducted . . . ."

This matter was referred to the Office of the Federal Defender on April 12, 2018. Assistant Federal Defender Matthew Bockmon accepted the referral and subsequently made

several attempts to meet with the defendant in the U.S. Marshals' lock-up, and at the Sacramento County Jail. The defendant refused to meet with Mr. Bockmon on each occasion. The defendant returned to court on May 3, 2018, and again on May 24, 2018. Undersigned counsel was present in the courtroom during each appearance, and observed the defendant's non-responsive and nonsensical answers to the Court's questions.

For reasons unrelated to this case, Mr. Bockmon has been unavailable in June and July of 2018. Undersigned counsel attempted two additional attorney-client visits with the defendant on July 5 and July 16, 2018. The defendant refused to meet with the undersigned on both occasions. During a very brief exchange on the second occasion, the defendant asked the undersigned to inform the Court that he does not accept the Federal Defender's representation, and that our office need not waste time attempting to visit him.

To date, the defendant has allowed no discussion whatsoever about his case and upcoming trial which is set for November 26, 2018. The defendant has done nothing to assist counsel properly in his defense. Further, the defendant's comments in court indicate that he has firmly held, false beliefs about the jurisdiction of the Court, his own identity, and the nature and consequences of the proceedings against him.

The parties last appeared before the Court on July 19, 2018. During that hearing, the defendant again demonstrated this apparently delusional reasoning. Based on the foregoing, undersigned counsel declared a doubt regarding the defendant's mental competency under 18 U.S.C. § 4241(a).

////
////
////
////
////
////
////

Defense counsel is reluctant to have Mr. Alhaqq sent out of the district for examination by the Bureau of Prisons, however, the undersigned believes he is duty-bound to bring this matter to the Court's attention and asks the Court proceed in accordance with the statute, to the extent the Court deems appropriate.

DATED: July 23, 2018

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

*/s/ Benjamin D. Galloway*
Benjamin D. Galloway
Chief Assistant Federal Defender
Attorney for David Alhaqq

**ORDER**

The parties appeared before the Court on July 19, 2018. Defense counsel declared a doubt regarding Defendant's mental competency under 18 U.S.C. § 4241(a). The Court finds that reasonable cause exists to believe that Mr. Alhaqq may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Accordingly, the Court orders that Mr. Alhaqq be committed to the custody of the Attorney General for placement in a suitable facility for a psychiatric or psychological examination and treatment under the provisions of 18 U.S.C. § 4247(b) and (c) and § 4241.

The Court excludes time under 18 U.S.C. § 3161(h)(1)(A) (Local Code A – examinations to determine the mental competency of the defendant), and § 3161(h)&)(B)(iv) (Local Code T4 – reasonable time to prepare), and finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated: August 6, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE